Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska 99701
(907) 451-0875
(907) 451-9385
sparkslawoffice@yahoo.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

KAITLIN WILLIAMS, )
 )
    Plaintiff, )
 )
vs. )
 )
STATE OF ALASKA, )
 )
    Defendant. )
_____ )

Case No.:

## COMPLAINT

COMES NOW Plaintiff, Kaitlin Williams, and for her Complaint against the Defendant State of Alaska alleges as follows:

### PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff Williams asserts her rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues in this case.

1. Plaintiff Kaitlin Williams is a Caucasian Female, and at all times relevant hereto she has resided in the Fourth Judicial District at Fairbanks, Alaska.

2. Defendant State of Alaska ("SOA"), acting through its Department of Transportation("DOT"), was Plaintiff William's former employer at the State of Alaska Department of

Williams v. State of Alaska
page 1

Transportation and Public Facilities (hereinafter "SOA DOT" ) at its facility in Fairbanks, Alaska, during 2024.

3. Plaintiff Williams brings this complaint to obtain full and complete relief and to redress unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, codified at 42 U.S.C. §2000e-2 et. seq., and 29 U.S.C. 623, 626, including employment discrimination based on sex and reprisal.

4. This action seeks declaratory, injunctive and other equitable relief from discrimination in employment, against Plaintiff Williams by the Defendant SOA on account of Sex and Reprisal, in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2 et. seq.

5. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e et. seq. 28 U.S.C. §1343 (civil rights) and 28 U.S.C. §1331 (federal question).

6. The discrimination alleged herein concern actions taken within the offices of the Defendant SOA's Department of Transportation, Northern Region, Fairbanks, Alaska. Venue in this Court is proper pursuant to 28 U.S.C. §1391.

7. Defendant SOA is the State of Alaska, with a place of business in Fairbanks, Alaska.

8. Plaintiff Williams was employed by Defendant SOA as a Public Relations Specialist 2 at the State of Alaska Department of Transportation and Public Facilities Northern Region at its Fairbanks offices during 2023 and 2024.

9. Plaintiff Williams work performance in her position with Defendant SOA was satisfactory in all respects.

Williams v. State of Alaska
page 2

10. Plaintiff Williams received no less than favorable performance evaluations during her employment with the Defendant SOA.

11. In March 2023, and prior to that time, Plaintiff Williams experienced a toxic work environment due to the behavior of State of Alaska Department of Transportation Northern Region Director Joe Kemp. Mr. Kemp would only interact with Plaintiff to act as his personal errand girl by requesting that she perform his non-work related personal errands, such as starting his car, picking him up from the mechanic, driving him to non-work appointments, watching his dog. Mr. Kemp did not treat similarly situated male employees in a similar manner to how he treated Plaintiff. Mr. Kemp also make inappropriate sexually charged comments about Plaintiff's appearance and clothing.

12. Plaintiff exercised legally protected self-help to attempt to ameliorate the sexual discrimination and sexually hostile environment that she experienced from Joe Kemp by physically moving her work place to a desk in a separate "SOA DOT" building from Director Joe Kemp, reducing the ability of Mr. Kemp to use Plaintiff Williams as his personal errand girl or to make sexually harassing comments to Plaintiff about her manner of dress and appearance.

13. After requesting a job reclassification on April 5, 2024, to a Public Relations Specialist 3 position, Plaintiff Williams experienced a series of sexually discriminatory and retaliatory actions:

a. On April 16, 2024, Director Joe Kemp called Plaintiff's reclassification request "tactless".

b. On May 9, 2024, Plaintiff's video about culverts was taken down after alleged complaints, and Plaintiff was not provided with details about why it was taken down when she inquired.

c. On May 10, 2024, Plaintiff's social media privileges were revoked, and she was required to have all of her work reviewed by specific individuals, a requirement not imposed on similarly-situated employees.

d. On May 14, 2024, in a meeting with Director Kemp, Plaintiff was called "emotional, too sensitive, her own worst enemy" and told to cease her communications with Plaintiff's State of Alaska DOT colleagues.

e. Plaintiff's telework agreement was revoked on May 20, 2024, a requirement not imposed on other similarly situated employees.

f. Multiple requests for Plaintiff's expertise in field work were denied by the Department of Transportation, Northern Region, supervisors without any valid justification.

g. On June 21, 2024, Plaintiff was informed that her travel would be restricted indefinitely "because Joe [referring to Joe Kemp] said so".

h. On July 3, 2024, Plaintiff was given one day to move her desk next to SOA DOT Director Joe Kemp, despite her prior complaints about his sexually harassing behavior.

i. Defendant SOA's and its agents sexually discriminatory and retaliatory actions caused Plaintiff to have increased difficulty coping with everyday situations suffer from fear, humiliation, loss of control and anxiety that forced Plaintiff to

take several weeks of unpaid leave from work to recover.

14. Plaintiff took prompt remedial actions to report the sexual harassment and reprisal she experienced.

    a. On May 14, 2024, Plaintiff reported her concerns to Human Resources, including the toxic work environment and potential retaliation.

    b. May 16, 2024, Plaintiff submitted a formal complaint to Human Resources detailing her sexual harassment experiences.

15. Following her legally protected sexual harassment and retaliation complaints, Plaintiff continued to experience continued reprisal from management, including restrictions on her work activities, denial of travel requests, and continuing attempts to relocate her workspace next to her sexual harasser, Joe Kemp.

16. Plaintiff was subjected to severe and pervasive harassment based on a her sex and reprisal due to her prior protected activity that created a hostile work environment for her.

17. The harassment and retaliation experienced by Plaintiff created a work environment so hostile, oppressive, and unbearable that no reasonable person in her position could have been expected to endure it. The conditions were such that resignation was not merely a choice but an unavoidable necessity to preserve Plaintiff's dignity, well-being, and professional integrity.

18. Plaintiff Williams was forced to resign in August 2024 as a direct result of the severe and pervasive sexual and the severe and pervasive reprisal harassment that she experienced

working for Defendant.

## COUNT I (Title VII Violations)

19. Plaintiff Williams reaffirms and realleges all prior allegations and further complains against the Defendant SOA as follows:

20. Defendant SOA's and its agents actions described above constitute intentional discrimination against Plaintiff Williams on the basis of her Sex and in Reprisal for her protected activity.

21. As a result of Defendant SOA's actions, Plaintiff Williams has suffered compensatory damages in an amount to be proven at trial, including emotional distress and pain and suffering.

22. As a result of Defendant SOA's and its agent's actions, Plaintiff Williams has suffered lost wages, past and future, medical expenses, past and future, emotional distress, past and future, and incidental and consequential damages to be proven at trial.

## COUNT II (Hostile Environment)

23. Plaintiff Williams reaffirms and realleges all prior allegations and further complains against the Defendant SOA as follows:

24. Defendant SOA's and its agents actions described above created a hostile environment for Plaintiff Williams motivated by sex and reprisal discrimination.

25. As a result of Defendant SOA's and its agents actions, Plaintiff Williams has suffered lost wages, past and future, medical expenses, past and future, emotional distress, past and

future, and incidential and consequential damages to be proven at trial.

### COUNT III (Failure to Promote)

26. Plaintiff Williams reaffirms and realleges all prior allegations and further complains against the Defendant SOA as follows:

27. Defendant SOA and its agents discriminated against Plaintiff Williams due to her sex (Female) and retaliated against her for her prior protected activity by refusing to increase her position to, or promote her to a Public Relations Specialist 3 position at the SOA DOT.

28. As a result of Defendant SOA's and its agents actions, Plaintiff Williams has suffered lost wages, past and future, medical expenses, past and future, emotional distress, past and future, and incidential and consequential damages to be proven at trial.

### COUNT IV (Injunctive Relief)

29. Plaintiff Williams reaffirms and realleges all prior allegations and further complains against the Defendant SOA as follows:

30. Plaintiff Williams requests injunctive relief against Defendant SOA and its agents as follows:

A. Ordering Defendant SOA and its agents to remove all derogatory information and documents, including but not limited to Plaintiff Williams personnel documents from April 2024 forward and all related documents from Plaintiff's personnel file;

B. Ordering Defendant SOA and its agents to limit any verbal or written reports regarding Plaintiff's reason for

leaving employment as "quit on mutually agreeable terms".

C. Order Defendant SOA DOT to immediately re-employ Plaintiff Williams in a Public Relations Specialist 3 position, or alternatively in the same or a substantially similar position she previously occupied and pay her back pay and front pay. Alternatively, for an award of front and back pay, including retirement benefits.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kaitlin Williams, prays that judgment be entered against the Defendant State of Alaska, as follows:

1. For violating Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, by discriminating against Plaintiff Williams on the basis of her Sex and in Reprisal for her prior protected activity.

2. For subjecting Plaintiff Williams to a hostile environment based on sex and reprisal discrimination.

3. For denying Plaintiff Williams a promotion or upgrade to a Public Relations Specialist 3 position due to her sex and in reprisal for her protected activity.

4. For the following injunctive relief:

A. Ordering Defendant SOA to remove all derogatory information and documents, including but not limited to Plaintiff Williams personnel documents from March 2024 forward, and all documents concerning termination of her employment and all related documents from Plaintiff's personnel file;

B. Ordering Defendant SOA DOT to limit any verbal or written reports regarding Plaintiff's reason for leaving employment as "quit on mutually agreeable terms".

C. Order Defendant SOA to immediately re-employ Plaintiff Williams in a Public Relations Specialist 3 position, or alternatively to Order Defendant SOA to immediately re-employ Plaintiff Williams in the same or a substantially similar position she previously occupied and to pay her back pay and front pay. Alternatively, for an award of front and back pay, including retirement benefits.

4. For award to Plaintiff of compensatory damages for emotional distress, past and future, medical expenses, past and future, lost income, past and future, and incidental and consequential losses.

5. For an award to Plaintiff of her reasonable costs, interest and attorney's fees as permitted by Title VII of the Civil Rights Act of 1964.

6. For an award to Plaintiff of such other relief as the court deems just and equitable in the premises.

DATED this 5th day of February, 2025, at Fairbanks, Alaska.

THE LAW OFFICE OF ROBERT A. SPARKS

_____
Robert A. Sparks
Attorney for Plaintiff
Kaitlin Williams
Membership No.: 8611139